UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN NUNEZ,

    Plaintiff,

v.

                                            Case No. 4:21-cv-101-AW/MJF

DONAL LEAVINS, WARDEN, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Jonathan Nunez, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. Doc. 38. The undersigned recommends that the complaint be dismissed without prejudice for Plaintiff's failure to comply with court orders and failure to comply with the Federal Rules of Civil Procedure.[1]

**I. PROCEDURAL HISTORY**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") confined at the Florida State Prison. *See* Doc. 44. Plaintiff initiated this action on

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 12

February 22, 2021, by filing a complaint and various motions. Docs. 1-4. On May 27, 2021, the undersigned ordered Plaintiff to file an amended complaint because his initial complaint was not on the court-approved form for the Northern District of Florida. Doc. 26. The order also provided Plaintiff with a 12-item checklist for his amended complaint, including form and pleading requirements. One such item was that Plaintiff must "limit his allegations to claims related to the same basic incident or issue." *Id*. at 2. Also, Plaintiff was required to: (1) clearly describe how each named Defendant violated federal law; (2) include specific dates and times of each Defendant's acts; and (3) state his legal claims as to each Defendant in separately numbered paragraphs. *Id*. at 2.

Plaintiff filed an amended complaint. Doc. 31. Plaintiff's amended complaint named sixty-four Defendants, including officials at the Florida Department of Corrections Central Office, Madison Correctional Institution ("Madison CI"), Florida State Prison ("FSP"), Santa Rosa Correctional Institution ("Santa Rosa CI"), and Centurion. The amended complaint was fifty-one pages long. *Id*.

On October 14, 2021, the undersigned ordered Plaintiff to file a second amended complaint because his amended complaint failed to comply with the undersigned's order of May 27, 2021. Doc. 36. The undersigned provided Plaintiff detailed guidance on the rules governing joinder of parties and claims, and explained why Plaintiff's amended complaint violated these rules. *Id*. at 2-5. The undersigned

ordered Plaintiff to file a second amended complaint that was limited to the Madison CI Defendants and to pursue his claims against the remaining Defendants in separate lawsuits filed in the appropriate venues.[2]

The undersigned's order of October 14, 2021 also reiterated the pleading requirements for the second amended complaint. The 12-item checklist was the same as before. Doc. 36 at 7. The order made clear that failure to comply with the requirements of the order likely would result in dismissal of this action. *Id*. at 6-8.

Plaintiff's second amended complaint followed. Doc. 38.

## II. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's second amended complaint names forty Defendants. The Defendants include: two officials at the Florida Department of Corrections Central Office; fifteen officials at Madison CI; six officials at the FSP; fifteen officials at Santa Rosa CI, and Centurion (named twice). Doc. 38 at 2-8. Nineteen of the Defendants are "John Does" at the various institutions. Plaintiff's second amended complaint attempts to join the same claims as before, including:

   1.   Violation-of-privacy claims under the Fourth, Fifth, Eighth and Fourteenth Amendments against Madison CI Defendants Warden John Doe

---

[2] The undersigned instructed Plaintiff that the proper venue for his claims against the Santa Rosa CI Defendants was the Pensacola Division of this District Court, and that the proper venue for his claims against the FSP Defendants was the United States District Court for the Middle District of Florida. Doc. 36 at 5.

1, Safety Director John Doe 2, and "Respondeat Superiors John Doe 9" for "disclosing information related to the plaintiff past, present, all memory activities and sensory, stimuli deprived." Doc. 38 at 10, ¶¶ 1-2.

2. Claims of failure-to-intervene, failure-to-protect and negligence against Madison CI Defendants Warden John Doe 1, Safety Director John Doe 2, Lieutenant John Doe 3, Sergeant Chandlers, Sergeant Adams, Sergeant Johnson, Sergeant Hatchet, Sergeant Webb and Officer Bishop for failing to protect Plaintiff from an attack by two inmates on March 18, 2019, at Madison C.I. Doc. 38 at 10, ¶ 5. Plaintiff claims that the inmate assault was motivated by the "disclosure of information" referenced in Paragraph 1 above, and that these Defendants knew "that a particular inmate was on risk and danger due to the monitoring 24.7 days a week and exposure of the plaintiff." *Id*. at 10, ¶¶ 6-7.

3. An Eighth-Amendment medical deliberate indifference claim against Madison CI Defendants Warden John Doe 1, Sergeant John Doe 6, Officer John Doe 7, and "Respondeat Superiors John Doe 9" for returning Plaintiff to Madison C.I. from a local hospital within 24 hours after surgery, instead of 72 hours as recommended by hospital physicians, after the inmate attack on March 18, 2019. *Id*. at 11, ¶¶ 8-9.

4.      A due process claim against Madison CI Defendants Warden John Doe 1, Safety Director John Doe 2, Lieutenant John Doe 3, Lieutenant John Doe 4, Classification Officer Jane Doe 5, Disciplinary Investigator John Doe 8, and "Respondeat Superiors John Doe 9" for using false statements and reports to convict Plaintiff of one or more disciplinary infractions related to the March 18, 2019, incident. *Id.* at 11-12, ¶¶ 11-13.

5.      Claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments against FSP Defendants Warden John Doe 10, Safety Director John Doe 11, "Respondeat Superiors John Doe 12," "Order Givers John Doe 13," Medical Doctor John Doe 14, Medical Director John Doe 15, and Centurion for their "deliberate indifference to the knowledge that a prisoner was been [sic] treated unconstitutional [sic]" at Madison CI, and for failing to follow the hospital physicians' orders for follow-up care. *Id*. at 12, ¶¶15-17.

6.      Claims of conspiracy, retaliation, and discrimination "made by subordinates all in combined effort to deprive the plaintiff and intimidated him to don't pursue access to courts from this claims." *Id*. at 13, ¶ 19.

7.      Claims under the Eighth Amendment against FSP Defendants Warden John Doe 10, Safety Director John Doe 11, "Respondeat Superiors John Doe 12," "Order Givers John Doe 13," for "improper uses of forces, chemical agents, long periods on strip over 10 days, . . . deprivates [sic] of meals 4 to 6

days consecutively, intimidation, threats, discrimination, harassment, false reports" during the month of November 2019. *Id.* at 13, ¶ 20.

8. Claims of conspiracy, invasion of privacy, failure to intervene, failure to protect, neglect, excessive force, deprivation of property, retaliation, deprivation of meals, spreading rumors, verbal abuse, deprivation of due process, retaliation, and discrimination under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments against all thirteen Santa Rosa C.I. Defendants. *Id.* at 13–18, ¶¶ 21-30, 34-44.

9. Medical deliberate indifference claims against Santa Rosa CI Defendants Doctor Rodriguez, Medical Director John Doe 19, Centurion, Warden Leavins, Assistant Warden Santiago, Administrative Assistant Dykes, "Respondeat Superiors John Doe 17," "Order Givers John Doe 18," Officer Melonson, former FDC Secretary Inch, and Secretary's Representative Adams for depriving Plaintiff of follow-up medical treatment as ordered by the hospital physicians after the March 18, 2019 assault at Madison CI. *Id*. at 15-16, ¶ 32-33.

Plaintiff asserts that all of the foregoing claims are related because they "aris[e] from the same individual capacity of employees by the same corporation from the same serious [sic] of transactions occurrences." Doc. 38 at 8, ¶ 3. Plaintiff later explains that all of his claims "deriv[e] from the same serious occurrences of

been [sic] exposed of secret concerns of plaintiff life, memory activities, of all plaintiff do inside his cell and sensory, stimuli deprivations and strange symptoms harmfully applied through this senses thegnology [sic]." Doc. 38 at 13, ¶ 20; *see also id*. at 10, ¶ 6; *id*. at 12, ¶ 16; *id*. at 14, ¶ 23.

### III.  PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO COMPLY WITH THE COURT'S ORDERS AND COURT RULES OF PROCEDURE

#### A.  Plaintiff Ignored the Undersigned's Instructions Concerning Joinder

Permissive joinder allows multiple defendants to be joined in one action if the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As the undersigned explained to Plaintiff in the order of October 14, 2021, Plaintiff's claims do not satisfy the dual requirements of Rule 20(a)(2) and, therefore, do not belong in the same lawsuit. Requiring a prisoner-litigant to bring unrelated claims against different defendants in separate lawsuits not only prevents the sort of morass that this multi-claim, multi-defendant lawsuit has produced, but also ensures that prisoners pay the required filing fees. *See* 28 U.S.C. § 1915(g) (limiting to three the number of frivolous and insufficiently-pleaded lawsuits or appeals that a prisoner may file without prepayment of the required fees).

Plaintiff's insistence that all of his claims are properly joined in one lawsuit—because they "derive" from the Defendants' "disclosing information related to the plaintiff past, present, all memory activities and sensory, stimuli deprived"—is vague and lacks any detailed factual support. This conclusory assertion does not excuse Plaintiff from complying with the undersigned's explicit order directing him to limit his complaint to claims against the Madison CI Defendants. As outlined above, the forty Defendants named in Plaintiff's second amended complaint did not participate in the same transaction or series of transactions, nor is there a question of law or fact that is common to all Defendants.

**B.      Plaintiff Ignored the Court's Instructions Concerning Stating His Claims**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff's complaint contain "a short and plain statement of the claim" against each defendant "showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that a party state his claims against a Defendant in numbered paragraphs, each limited to a single set of circumstances. In accordance with these rules, this court's specific instructions required Plaintiff to (1) clearly describe how each named Defendant violated federal law; (2) include specific dates and times of each Defendant's acts; and (3) state his legal claim(s) as to each Defendant in separately numbered paragraphs.

Plaintiff has ignored—twice—the undersigned's specific instructions stated in the orders requiring him to re-plead. Plaintiff continues to plead groups of claims collectively against groups of Defendants at a particular institution, leaving it to the court and the Defendants to determine who wronged Plaintiff and in what manner.

### IV.   PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED

Local Rule 41.1 authorizes the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1. Local Rule 41.1 is consistent with Federal Rule of Civil Procedure 41(b), and embodies the court's inherent authority to dismiss a case *sua sponte* when the plaintiff fails to comply with a court rule of procedure or a court order. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. . . . A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b).") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991), and Fed. R. Civ. P. 41(b)). The federal courts have long recognized this inherent authority:

> Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962) (noting

the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

*Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Daker v. Bryson*, 841 F. App'x 115 (11th Cir. 2020) ("District courts have the inherent authority to control their dockets and ensure prompt resolution of lawsuits.") (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff was forewarned explicitly that his suit would be dismissed if he did not follow the instructions outlined in the orders to re-plead. Doc. 26 at 3; Doc. 36 at 8. Each of the undersigned's instructional orders provided Plaintiff with a numbered list of the requirements for his amended complaint. Doc. 26 at 1-2; Doc. 36 at 7-8. The October 14, 2021 order also explicitly told Plaintiff that he must remove his claims against the FSP and Santa Rosa CI Defendants and pursue them in separate lawsuits filed in the appropriate venue. Doc. 36 at 4-5. The October 14, 2021 order additionally stated that: "Plaintiff's failure to comply with this order likely will result in dismissal of this action for failure to follow an order of this court [and] failure to comply with court rules of procedure." *Id*. at 8. Given Plaintiff's failure to comply with the orders to amend his complaint, and given this court's clear

warning that failure to do so would result in dismissal of this action, this case should be dismissed without prejudice.

The Eleventh Circuit has affirmed dismissals for failure to follow court orders with similar explicit warnings. *See e.g., Daker*, 841 F. App'x at 123 (affirming dismissal of complaint for failure to follow court's order to re-plead where the previous instructions stated that the complaint would be dismissed if the court's order was not followed); *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402 (11th Cir. 2015) (same). The Eleventh Circuit also has upheld dismissals for failure to follow a court's orders with far less explicit warnings. *See e.g., Foudy*, 845 F.3d at 1125–26 (affirming dismissal of complaint for failure to follow court's orders where the previous instructions did not state that the complaint would be dismissed if the court's orders were not followed).

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court and failure to comply with the Federal Rules of Civil Procedure.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 4th day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**